OPINION
On January 1, 1998, at 3:10 p.m., appellant, Harold Parthemer, was issued citations for: failure to yield the right of way when turning left, in violation of R.C. 4511.42; failure to stop after an accident, in violation of R.C. 4549.02; driving while under suspension, in violation of 4507.02; and, driving under the influence of alcohol, in violation of R.C. 4511.19. The citations were issued as a result of an accident that occurred in Warren, Ohio at the intersection of Park Avenue and Reo Boulevard.
On March 5, 1998, the driving under the influence charge, a felony of the fourth degree because appellant had three previous convictions within the last six years, was bound over to the Trumbull County Grand Jury. The other three charges were set for trial in the Warren Municipal Court.
On May 20, 1998, appellant waived his right to consideration by the Grand Jury and entered a plea of guilty in the Trumbull County Court of Common Pleas to a bill of information charging him with driving under the influence of alcohol. In his written guilty plea, he agreed that: "Upon conviction, I would have the further right of appeal. However, I waive all those rights, including right to trial by a jury." The court sentenced him to five years of community control sanctions and suspended his operating license for three years. On September 23, 1998, the common pleas court denied appellant's oral motion to dismiss, which alleged a double jeopardy violation.
On June 9, 1998, appellant filed a motion to dismiss the charges being contested in municipal court because he alleged that the trial was prohibited by the Double Jeopardy Clause of theFifth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. Appellant's motion was overruled on July 9, 1998. On August 31, 1998, appellant changed his plea to "no contest" and was found guilty. The trial court: fined him $20 for failure to yield the right of way; fined him $500 and sentenced him to sixty days incarceration for leaving the scene of an accident; and, sentenced him to six months incarceration for driving while under suspension. The sentences were to run concurrently to each other and any sentence imposed by the Court of Common Pleas.
Appellant raises the following assignment of error:
 "The trial court erred to the prejudice of the defendant/appellant in overruling his motion to dismiss this case as the continued prosecution, conviction and sentencing was violative of the state and federal constitutional prohibitions against double jeopardy."
In his assignment of error, appellant asserts that the municipal court erred by overruling his motion to dismiss in violation of the Double Jeopardy Clause. Appellant argues that by not trying all of the charges arising out of the same incident in the same forum was an unfair burden on him and the State. It required him to defend charges brought in both municipal court and common pleas court which would have required the same witnesses to be called to give nearly identical testimony. Appellee filed no reply brief.
Appellant's argument raises a valid concern. Allowing the charges to be prosecuted at the same trial would have been more efficient. Jurisdiction over all crimes and offenses is vested in the court of common pleas, general division, unless such jurisdiction specifically and exclusively is vested in other divisions of the court of common pleas or in the lower courts.State ex rel. Coss v. Hoddinott (1968), 16 Ohio St.2d 163, 164,243 N.E.2d 59. R.C. 1901.20 confers jurisdiction to a municipal court to hear cases involving misdemeanors occurring within its territorial limits. Nothing in the Revised Code grants exclusive jurisdiction to municipal courts to hear misdemeanor traffic cases; therefore, municipal courts and common pleas courts have concurrent jurisdiction to hear misdemeanor cases. There is no provision allowing a municipal court to bind over misdemeanor charges to a grand jury. Although requiring appellant to face two trials was inconvenient, it was not a violation of his due process rights.
The test to determine whether successive prosecutions impermissibly involve the same offense under the Double Jeopardy Clause was set forth in Blockburger v. United States (1932),284 U.S. 299, 304, 52 S.Ct. 180, 182, as follows:
 "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."
Appellant argues that Blockburger is not the sole standard to determine Double Jeopardy violations. Appellant cites Ashe v.Swenson (1970), 397 U.S. 436, 90 S.Ct. 1189, which prohibits re-litigation of ultimate issues of fact that have been decided by a valid and final judgment.
Ashe is not controlling in this case because the charges in question require proof of separate ultimate facts. Clearly, the proof required to sustain misdemeanor convictions for driving while under suspension, leaving the scene of an accident, and failure to yield would not be sufficient to sustain a felony conviction for driving under the influence of alcohol. Nor would a conviction for driving under the influence of alcohol be sufficient to sustain convictions for the misdemeanor charges. Each of the charges requires proof of extremely different facts. Therefore, the successive prosecutions did not violate the Double Jeopardy Clause of either the Ohio or the United States Constitutions. Appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
FORD, P.J., concurs,
O'NEILL, J., dissents.