[Cite as *State v. Kornet*, 2013-Ohio-3480.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0001** |
| JONATHAN J. KORNET, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0644.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Leonard J. Breiding, II,* 4825 Almond Way, Ravenna, OH 44266 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Jonathan J. Kornet, appeals from the Order and Journal Entry of the Portage County Court of Common Pleas, denying his Motion to Withdraw Guilty Plea and Vacate Finding, and sentencing him to a term of ten years imprisonment. The issues to be determined by this court are whether a sentence was proper when the trial court considered the seriousness and recidivism factors and whether a defendant should be allowed to withdraw his guilty plea prior to sentencing

when he believed that the entry of his plea would cause the State to cease pursuing charges against his fiancée. For the following reasons, we affirm the decision of the trial court.

{¶2} On September 24, 2012, Kornet was indicted by the Portage County Grand Jury on one count of Aggravated Robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1). This charge had a firearm specification, in violation of R.C. 2929.14 and R.C. 2941.145.

{¶3} On November 14, 2012, a change of plea hearing was held. No transcript of that hearing was filed with this court. A Waiver of Trial by Jury was signed by Kornet on the same date, in which he waived his right to a jury trial, and indicated he would enter a plea. A Written Plea of Guilty to the charges as stated in the Indictment was also filed. The Written Plea, signed by Kornet, indicated the maximum potential punishments and outlined the constitutional rights being waived by entering the plea, including, inter alia, the right to a trial by jury, the right to cross-examine witnesses, and the right not to testify.

{¶4} In a Judgment Entry filed on November 15, 2012, the court accepted Kornet's guilty plea and found that "the Defendant is knowingly and voluntarily entering this Written Plea of Guilty."

{¶5} On December 5, 2012, Kornet filed a Motion to Withdraw Guilty Plea and Vacate Finding. He asserted that his plea of guilty was based on "a misplaced and misguided allegiance to his co-defendant whom he was trying to protect and shield."

{¶6} A hearing was held on December 17, 2012, at which time the court addressed Kornet's Motion to Withdraw Guilty Plea. At the hearing, Kornet's counsel

indicated that he wished to withdraw his plea only with respect to the gun specification and not to the Aggravated Robbery charge. Kornet testified that he understood all of the rights described in the Written Plea of Guilty. He admitted that the court reviewed his guilty plea with him before accepting his plea, explained his constitutional rights, and inquired as to whether his plea was voluntary. As his justification for withdrawal, Kornet explained that he believed, at the time of the plea, that if he pled guilty, charges against his fiancée would not be further pursued by the State, although this was based on his own beliefs and not statements or promises made by defense counsel or the State. Kornet also contended that he did not have a gun during the robbery and that he wanted to present this as a defense to the firearm specification.

{¶7} After his testimony, the trial court denied Kornet's Motion. The court then proceeded to hold the sentencing hearing. Defense counsel noted that Kornet had a prior criminal record, including a Burglary conviction. The court stated: "I am sending a clear message not only to you, but to the community that I am not going to put up with these aggravated robberies, these robberies, burglaries. I'm sick of it. People in this community are sick of it."

{¶8} On December 19, 2012, the trial court issued an Order and Journal Entry, memorializing its finding that Kornet's Motion to Withdraw Guilty Plea was overruled. Regarding Kornet's sentence, the Entry stated that the court had considered the purposes of felony sentencing and the record. Kornet was sentenced to a term of seven years for Aggravated Robbery and three years for the firearm specification, to run consecutively, for a total term of ten years imprisonment, and ordered to pay a fine of $200.

3

{¶9} Kornet timely appeals and raises the following assignments of error:

{¶10} "[1.] The trial court erred in sentencing the appellant by imposing more than the minimum sentence and by imposing an improper sentence.

{¶11} "[2.] The trial court erred in overruling appellant's pre-sentence motion to withdraw his guilty plea."

{¶12} In his first assignment of error, Kornet argues that the trial court failed to consider the necessary sentencing factors and there was no support for a greater than minimum sentence.

{¶13} The State argues that the court did consider the statutory factors and the record and there was support for the seven year sentence for Aggravated Robbery.

{¶14} Subsequent to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, appellate courts have applied a two step approach in reviewing felony sentences. First, courts "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

{¶15} A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  R.C. 2929.11(A).  A court imposing a sentence for a felony "has discretion to determine the most effective

4

way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). "In the exercise of this discretion, a court 'shall consider' the non-exclusive list of seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E)." (Citation omitted.) *State v. Putnam*, 11th Dist. No. 2012-L-026, 2012-Ohio-4891, ¶ 8; R.C. 2929.12(A).

{¶16} There is no "mandate" for the sentencing court to engage in any factual finding under these statutes. Rather, "[t]he court is merely to 'consider' the statutory factors." *Foster* at ¶ 42.

{¶17} First, Kornet argues that the sentence is both clearly and convincingly contrary to law and an abuse of discretion, since the trial court failed to consider the record and the statutory factors under R.C. 2929.11 and 2929.12.

{¶18} A review of the sentencing Journal Entry in this case indicates that the trial court specifically stated that it considered "the purpose of felony sentencing," which it further described as provided in R.C. 2929.11. Contrary to Kornet's assertion that the record "is devoid of any mention by the trial court that it considered the record," the sentencing Entry provides that the court "considered the evidence presented by counsel, oral statements, any victim impact statement, the Pre-Sentence Report and the defendant's statement." Although the court did not explicitly state that it reviewed the R.C. 2929.12 factors, the presentence report discussed Kornet's criminal history, including felony convictions for Burglary and Theft, which relate to the court's consideration of recidivism and future crime. R.C. 2929.12(D)(2) (a factor to consider is whether "the offender has a history of criminal convictions").

5

**{¶19}** Although the trial court did not give a specific analysis as to its consideration of each statutory factor, there is no requirement that "the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Hutchings*, 11th Dist. Nos. 2011-P-0019, et al., 2012-Ohio-649, ¶ 36, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). "[A] silent record raises a presumption that the relevant statutory factors were duly considered before the sentencing determination was made." (Citation omitted.) *State v. Overstreet*, 11th Dist. No. 2012-P-0049, 2013-Ohio-540, ¶ 26.

**{¶20}** Kornet has failed to provide any support to rebut the presumption that the court considered the required factors in his sentencing. It is Kornet's obligation to rebut this presumption. *State v. Bernadine*, 11th Dist. No. 2010-P-0056, 2011-Ohio-4023, ¶ 38 ("[t]he burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria") (citation omitted). Kornet has not demonstrated that the trial court failed to consider the factors or that the sentence was inconsistent with such factors, especially given the foregoing discussion, including the court's statement that it considered the relevant R.C. 2929.11 factors and the PSI report that contained Kornet's criminal history, and its statement of the impact of robbery on the community.

**{¶21}** Second, Kornet argues that there was no support for a deviation from the three- year minimum sentence for Aggravated Robbery.

**{¶22}** The Supreme Court of Ohio held in *Foster* that trial courts have "full discretion to impose a prison sentence within the statutory range and are no longer

6

required to make findings or give their reasons for imposing * * * more than the minimum sentences." 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. The trial court was not required to state its reasons for giving a more than minimum penalty, although there is support for such a sentence based on Kornet's criminal history and the trial court's recognition of the harm such robbery offenses pose to the community. The sentence was also well within the range for a first-degree felony, which allows for a sentence from three years to eleven years. R.C. 2929.14(A)(1). Based on the foregoing, we cannot find that the trial court's sentence was clearly and convincingly contrary to law or that it abused its discretion in sentencing Kornet to a more than minimum sentence or in its consideration of the necessary sentencing factors.

{¶23} The first assignment of error is without merit.

{¶24} In his second assignment of error, Kornet argues that the trial court abused its discretion in denying his Motion to Withdraw Guilty Plea, since it did not "go to unusual lengths to make certain that Appellant fully understood the nature and consequences of the plea," and the law requires withdrawal of a plea to be freely granted.

{¶25} The State asserts that the trial court did not err, since it complied with the factors for considering a motion to withdraw a plea stated in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980).

{¶26} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice

7

the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶27} A presentence motion to withdraw a plea should be granted liberally. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). The Supreme Court has also recognized, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing," but, instead, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id*. at paragraph one of the syllabus.

{¶28} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." (Citation omitted.) *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 15 (11th Dist.); *State v. Bisson*, 11th Dist. No. 2012-P-0050, 2013-Ohio-2141, ¶ 23 ("since the determination of a motion to withdraw lies within the trial court's sound discretion, the scope of our appellate review is limited to an 'abuse-of-discretion' analysis").

{¶29} This court has often applied the four-factor test set forth in *Peterseim* to determine whether a trial court has abused its discretion in denying a presentence motion to withdraw a plea. *State v. Parham*, 11th Dist. No. 2011-P-0017, 2012-Ohio-2833, ¶ 19; *State v. Humr*, 11th Dist. No. 2010-P-0004, 2010-Ohio-5057, ¶ 15. Under *Peterseim*, a trial court does not abuse its discretion in denying a motion to withdraw a plea: "(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court

8

gave full and fair consideration to the plea withdrawal request." 68 Ohio App.2d 211, 428 N.E.2d 863, at paragraph three of the syllabus.

{¶30} As an initial matter, we note that Kornet did not file a transcript of the plea hearing, a duty which belongs to the appellant. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("[t]he duty to provide a transcript for appellate review falls upon the appellant * * * because an appellant bears the burden of showing error by reference to matters in the record"). Notwithstanding the lack of this transcript, we believe the record before this court contains sufficient information to reach the merits of Kornet's argument on this issue.

{¶31} In the present matter, all of the *Peterseim* factors were met. With regard to the first factor, Kornet was represented by highly competent counsel. It is well-settled that "a properly licensed attorney practicing in this state is presumed to be competent." *State v. Prinkey*, 11th Dist. No. 2010-A-0029, 2011-Ohio-2583, ¶ 30, citing *State v. Lytle*, 48 Ohio St.2d 391, 397, 358 N.E.2d 623 (1976). The record, including Kornet's testimony, establishes that counsel conferred with Kornet about the plea agreement and that counsel "went over all of the particulars of the plea." In addition, no statements were made by Kornet that counsel was incompetent or failed to advise him of his rights.

{¶32} Regarding the second factor, there is nothing in the record to indicate that Kornet's guilty plea was not made knowingly, intelligently, and voluntarily. Kornet's failure to submit the transcript makes it difficult for him to show that the plea proceedings were improper. During the hearing on his Motion to Withdraw Guilty Plea, Kornet also testified that he was advised by the court of each of his constitutional rights and that the court reviewed his written plea of guilty with him. From this testimony, it

9

appears that the trial court conducted a thorough colloquy when accepting the plea, determining that Kornet understood each right that he was waiving. The written plea signed by Kornet indicates that he understood these rights as well. The record does not indicate that Kornet had a cognitive disability that would prevent him from entering a knowing, intelligent, and voluntary plea. Such circumstances indicate that the plea hearing was compliant with the requirements of Crim.R. 11.

{¶33} Kornet argues that the trial court did not go to "unusual lengths" to ensure that his plea was knowing and voluntary. The law "neither requires nor expects a trial court to go to unusual lengths to establish the sufficiency of a defendant's understanding." *State v. Dye*, 11th Dist. No. 2011-P-0097, 2012-Ohio-4464, ¶ 12. Here, the court apprised Kornet of the rights he was waiving and Kornet indicated that he entered his plea voluntarily and understood the consequences of his plea. The court's actions in accepting the plea of guilty were more than adequate to establish that the plea was knowingly and voluntarily.

{¶34} As to the third and fourth *Perseim* factors, a hearing was held, prior to the sentencing hearing, on December 17, 2012. At that hearing, Kornet's attorney questioned him about his reasons for wishing to withdraw the plea. Kornet was also cross-examined by counsel for the State. Upon being questioned, he offered two explanations for wishing to withdraw his plea, including that he believed entering a plea would benefit his fiancée by preventing her from being prosecuted on charges related to the robbery, and that he did not have a gun at the time of the robbery. Based on the foregoing opportunity to testify and present his reasons for requesting to withdraw his plea, Kornet was given a full and impartial hearing on his motion. *See State v.*

*Greenleaf*, 11th Dist. No. 2005-P-0017, 2006-Ohio-4317, ¶ 78 ("[i]nviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing can constitute a full and fair hearing on that motion").

**{¶35}** Additionally, the record indicates that the trial court, after hearing Kornet's assertions, gave them full and fair consideration. *See State v. Miller*, 11th Dist. No. 2009-P-0090, 2011-Ohio-1161, ¶ 29 (the court's decision to overrule the motion to withdraw a plea was fair and informed when a hearing was held at which the trial court heard the defendant's allegations and considered them in light of the evidence and testimony presented). It is also worth noting that there was limited evidence to support granting his motion. Kornet's reasons for withdrawal were essentially based on a change of heart that occurred when he realized that his plea would not benefit his fiancée, and his regret to pleading to the firearm specification. With regard to pre-sentence motions to withdraw pleas, "[a] defendant is not entitled to withdraw his * * * plea merely because he has changed his mind." (Citation omitted.) *State v. Battersby*, 11th Dist. No. 2007-L-023, 2008-Ohio-836, ¶ 59.

**{¶36}** Kornet cites *State v. Bekesz*, 75 Ohio App.3d 436, 599 N.E.2d 803 (11th Dist.1991), in support of the proposition that he did not receive a full hearing and the motion was not granted full and fair consideration. In *Bekesz*, the court did not allow the appellant to testify regarding his motion or allow him to present any argument in favor of his request to withdraw, which was, in essence, a refusal to consider appellant's motion to withdraw his plea. *Id.* at 438-440. The present case is distinguishable, since Kornet was permitted to present argument and testimony in support of his Motion. Consequently, the third and fourth *Peterseim* factors were met.

11

{¶37} Based on the foregoing, the trial court did not abuse its discretion in denying Kornet's Motion to Withdraw Guilty Plea.

{¶38} The second assignment of error is without merit.

{¶39} For the foregoing reasons, the Order and Journal Entry of the Portage County Court of Common Pleas, denying Kornet's Motion to Withdraw Guilty Plea and Vacate Finding, and sentencing him to a term of ten years imprisonment, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.