[Cite as *State v. Zimmerman*, 2014-Ohio-1152.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2013-G-3146 |
| GERALD F. ZIMMERMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 11C000120.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Abbey L. King Mueller,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Judith M. Kowalski,* 333 Babbitt Road, #323, Euclid, OH 44123 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Gerald F. Zimmerman, appeals from the Judgment of the Geauga County Court of Common Pleas, denying his Motion to Withdraw Plea. The issue to be determined by this court is whether a trial court abuses its discretion in denying a motion to withdraw a guilty plea, without a hearing, when the defendant argues that his plea is involuntary because a court of common pleas lacks jurisdiction in

misdemeanor cases. For the following reasons, we affirm the decision of the court below.

{¶2} On September 16, 2011, Zimmerman was indicted by the Geauga County Grand Jury on two counts of Operating a Vehicle While Under the Influence (OVI), felonies of the third degree, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(e); one count of OVI, a felony of the third degree, in violation of R.C. 4511.19(A)(1)(h) and (G)(1)(e); and one count of Driving in Violation of a License Restriction, a misdemeanor of the first degree, in violation of R.C. 4510.11(B).

{¶3} A Plea Agreement, signed by the State and defense counsel, was filed on October 31, 2011, under which Zimmerman would plead guilty to one count of OVI and Driving in Violation of a License Restriction, with the other two charges being dismissed.

{¶4} A joint change of plea and sentencing hearing was held on the same date. The court reviewed the potential penalties for the crimes and the rights Zimmerman would waive by pleading guilty. The court inquired whether Zimmerman understood the charges to which he was pleading. The court also asked whether counsel believed that Zimmerman's plea was knowingly and voluntarily entered, to which counsel responded affirmatively. The court accepted Zimmerman's plea of guilty to one count of OVI, in violation of R.C. 4511.19(A)(1)(h) and (G)(1)(e), and one count of Driving in Violation of a License Restriction. The remaining two counts were dismissed.

{¶5} On November 3, 2011, the trial court filed an Order and Judgment of Conviction, memorializing its acceptance of Zimmerman's plea and stating that the plea was given knowingly and voluntarily. For the OVI, the court sentenced Zimmerman to a prison term of three years, plus an additional mandatory term of 120 days, and ordered

2

him to pay a fine of $1,350. Zimmerman was also ordered to serve a jail term of six months for Driving in Violation of a License Restriction. The sentences were ordered to be served concurrently.

{¶6} On March 18, 2013, Zimmerman filed a Motion to Withdraw Plea Pursuant to Criminal Rule 32.1. In this Motion, he asserted that his plea was "involuntary because this court has no jurisdiction to impose said sentence of imprisonment." The State filed a Response on March 21, 2013.

{¶7} On April 2, 2013, Zimmerman filed a Memorandum in Support of Motion to Withdraw Guilty Plea, in which he maintained that "misdemeanors are in the jurisdiction of" inferior courts, apparently arguing that the Geauga County Court of Common Pleas did not have jurisdiction because one of the charges for which he was convicted was a misdemeanor. He also asserted that the court did not have jurisdiction since it failed "to determine the validity * * * of the law used in this case."

{¶8} On April 8, 2013, the trial court issued a Judgment, denying Zimmerman's Motion to Withdraw Plea. The court held that it had jurisdiction to hear Zimmerman's case, regardless of whether one of the charges was a misdemeanor. It also held that there was no basis for finding that any applicable law was unconstitutional.

{¶9} Zimmerman timely appeals and raises the following assignment of error:

{¶10} "The trial court erred to the prejudice of the appellant by not holding a hearing to determine whether there was a reasonable basis for withdrawing his guilty plea."

{¶11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence

3

may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "The phrase 'manifest injustice' has been 'variously defined,' however, 'it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.'" (Citation omitted.) *State v. Wise*, 11th Dist. Trumbull No. 2012-T-0028, 2012-Ohio-4896, ¶ 13, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶12} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *Smith* at paragraph one of the syllabus. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the syllabus; *State v. Pough*, 11th Dist. Trumbull No. 2010-T-0117, 2011-Ohio-3630, ¶ 15 (a trial court's denial of a motion to withdraw a guilty plea is reviewed pursuant to an abuse of discretion standard) (citation omitted).

{¶13} Zimmerman argues that the trial court should have held a hearing on the Motion to Withdraw Plea, since he "twice asserted that his guilty plea was involuntary" and a hearing would have ensured that he "knew his rights" when he entered the plea.

{¶14} "While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant. [*State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992),] paragraph one of the syllabus. In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if

the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea." (Citation omitted.) *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 32. "[A] trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." (Citation omitted.) *State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶ 11. This court has also held that, "if the record, on its face, conclusively and irrefutably contradicts a defendant's allegations in support of his Crim.R. 32.1 motion, an evidentiary hearing is not required." *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, 17 (Mar. 22, 2002).

{¶15} Initially, we note that Zimmerman's Motion to Withdraw Plea was centered almost entirely upon his contention that the court of common pleas lacked jurisdiction, since one of the offenses before it was a misdemeanor and could only be resolved in a municipal court. The trial court properly found no merit in this argument.

{¶16} Pursuant to R.C. 2931.03, "[t]he court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." The Ohio Supreme Court has rejected the contention that a court of common pleas does not have jurisdiction in misdemeanor cases. "Jurisdiction over all crimes and offenses is vested in the Court of Common Pleas, unless such jurisdiction is vested specifically and exclusively in the lower courts. In the absence of an express provision to the contrary, the Court of Common Pleas has jurisdiction over misdemeanors." *State ex rel. Coss v. Hoddinott*, 16 Ohio St.2d 163, 164, 243 N.E.2d 59 (1968). *See also State v. Parthemer*,

5

11th Dist. Trumbull Nos. 98-T-0169, et al., 1999 Ohio App. LEXIS 6123, 4 (Dec. 17, 1999) (municipal courts and common pleas courts have concurrent jurisdiction to hear misdemeanors); *Thomas v. Marshall*, 4th Dist. Scioto No. 1504, 1985 Ohio App. LEXIS 7809, 5-6 (May 22, 1985) (holding that the court of common pleas has jurisdiction over misdemeanors). In this case, Zimmerman has pointed to no specific law preventing the court of common pleas from accepting his plea for both the felony and misdemeanor offenses or vesting jurisdiction exclusively with the municipal court.

{¶17} Zimmerman's claim that the trial court lacked jurisdiction due to its failure to "determine the validity (the legality) of the law used in this case" was also meritless. Zimmerman pointed to no specific law that was improperly applied and provided no authority that a trial court is required to review the "validity" of any applicable law, sua sponte, in a criminal case. Since there was no legal basis for either of Zimmerman's claims regarding the alleged lack of jurisdiction, and no evidence would impact this holding, a hearing was unnecessary as to these issues.

{¶18} In Zimmerman's appellate brief, he contends that a hearing should have been held to determine whether his plea was voluntarily given. Zimmerman did not discuss this issue in his Motion to Withdraw Plea, except for a few references to his plea being "involuntary" due to the court's lack of jurisdiction. He pointed to absolutely nothing in the record or otherwise to show that his plea was involuntarily and made no argument in support of this issue. "When a defendant fails to raise a specific argument in a post-sentencing motion to withdraw a guilty plea, he waives that argument for purposes of appeal." *State v. Derricoatte*, 11th Dist. Ashtabula No. 2012-A-0038, 2013-Ohio-3774, ¶ 15.

6

{¶19} Even if Zimmerman's mere references to the plea being "involuntary" did not constitute waiver, a review of the record reveals nothing involuntary about his plea.[1] The trial court reviewed the various rights Zimmerman was waiving by entering a guilty plea, inquired into circumstances surrounding the plea, and asked whether Zimmerman had reviewed the matter with counsel. The court also questioned whether Zimmerman had been promised anything in exchange for his plea and questioned specific types of medication Zimmerman may be taking to ensure that his plea was voluntarily. The transcript reveals no difficulty by Zimmerman in entering his plea and does not provide any support for the contention that the plea was involuntary.

{¶20} Zimmerman's delay of over 16 months in filing the Motion to Withdraw Plea is also "'a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *State v. Nicholas*, 11th Dist. Portage No. 2009-P-0049, 2010-Ohio-1451, ¶ 17, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph three of the syllabus.

{¶21} Since the record indicates that Zimmerman is not entitled to relief and he failed to submit any documentation or affidavits to demonstrate a manifest injustice, a hearing was not required on his Motion. We cannot find that the trial court abused its discretion in denying Zimmerman's Motion to Withdraw Plea.

{¶22} The sole assignment of error is without merit.

---

1. Zimmerman points to the factors in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), for this court's consideration in determining whether his plea was voluntarily given. However, these factors have been applied in cases involving *pre-sentence* requests for the withdrawal of a plea. *See State v. Kornet*, 11th Dist. Portage No. 2013-P-0001, 2013-Ohio-3480, ¶ 29 ("[t]his court has often applied the four-factor test set forth in *Peterseim* to determine whether a trial court has abused its discretion in denying a *presentence* motion to withdraw a plea") (emphasis added); *State v. Kerby*, 2nd Dist. Clark No. 09-CA-39, 2010-Ohio-562, ¶ 14 (the *Peterseim* factors "do not apply" since "*Peterseim* involves a pre-sentence request for withdrawal, which poses different considerations from post-sentence requests").

{¶23} For the foregoing reasons, the Judgment of the Geauga County Court of Common Pleas, denying Zimmerman's Motion to Withdraw Plea, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.