THE STATE, EX REL. COSS, *v.* HODDINOTT, JUDGE OF THE COURT
OF COMMON PLEAS, MONROE COUNTY, OHIO.
THE STATE, EX REL. BROWN, *v.* HODDINOTT, JUDGE OF THE
COURT OF COMMON PLEAS, MONROE COUNTY, OHIO.

(Nos. 68-558 and 68-559—Decided December 31, 1968.)

Mr. *Allan Sherry*, for relators.

Mr. *George F. Burkhart*, prosecuting attorney, for respondent.

*Per Curiam.* The relators' contention that the Court of Common Pleas does not have jurisdiction in a misdemeanor case is a misinterpretation of Section 2931.03, Revised Code, and is without merit. Jurisdiction over all crimes and offenses is vested in the Court of Common Pleas, unless such jurisdiction is vested specifically and exclusively in the lower courts. In the absence of an express provision to the contrary, the Court of Common Pleas has jurisdiction over misdemeanors. *Small* v. *State*, 128 Ohio St. 548.

The relators' cases rest upon the contention that where two courts have concurrent jurisdiction, prohibition lies to protect the jurisdiction of the court whose powers were first invoked.

The relators assert that the charges were filed in the County Court *first*; that, although the prosecutor ordered them dismissed, and they were marked on the papers "dismissed," since no formal journal entries of dismissal were made and filed prohibition lies to prevent the Court of Common Pleas from proceeding to try the causes.

Relators cannot rely upon the case of *Lucas County Commrs.* v. *Lucas County Budget Comm.*, 12 Ohio St. 2d 47. That case involved an order by the Board of Tax Appeals. Some of the parties to the action filed a notice of appeal in the Court of Appeals on July 3, 1967, while other parties to the action filed a notice of appeal in the Supreme Court on July 5 and 6, 1967. The controlling statute, Section 5717.04, Revised Code, authorizes an appeal and provides further that "the court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal." This court said, in a *per curiam* opinion in that case, at page 49:

"This, of course, is merely a codification of the rule

of law that where there are two courts of concurrent jurisdiction the court in which jurisdiction is first invoked obtains jurisdiction of the entire matter and other courts are excluded therefrom. 14 Ohio Jurisprudence 2d 563 and 568, Courts, Sections 149 and 153.

"The jurisdiction of the Court of Appeals having been first invoked in this cause, it obtained exclusive jurisdiction over the appeals and the Supreme Court is excluded therefrom."

That same rule was asserted in *Miller* v. *Court of Common Pleas*, 143 Ohio St. 68. That case involved a situation in which a wife filed a divorce action in Allen County and secured service upon her husband (the case was later removed to Auglaize County), and the husband sued his wife for divorce in Cuyahoga County and secured service of process upon her. Each case was proceeding. This court allowed the writ of prohibition upon petition of the wife and prohibited the Cuyahoga County court from proceeding.

This problem was also considered, and the same rule of law asserted, in *John Weenink & Sons Co.* v. *Court of Common Pleas*, 150 Ohio St. 349. That case involved a petition for a writ of prohibition filed by Weenink to prevent the Court of Common Pleas of Cuyahoga County from hearing and determining an action for a declaratory judgment filed by the city of Cleveland on the ground that such action encroached upon the jurisdiction of the Cleveland Municipal Court which had pending before it several cases involving the same facts and issues and rights of the same parties.

However, the rule as asserted in the *Lucas County Commrs., Miller and Weenink cases, supra,* is not controlling in the instant causes because the reasons which supported the application of the rule in each of those cases are not present here.

In *Lucas County Commrs.* v. *Lucas County Budget Comm., supra, some party appellants* appealed to the Court of Appeals and *some* appealed to the Supreme Court. Obviously, two appeals in two different courts could not

be prosecuted by different appellants in the same case at the same time. The question had to be resolved.

In *Miller, supra,* the wife was prosecuting her divorce action in one county and her husband was prosecuting his divorce action in another county. This question required a solution.

In *Weenink, supra,* the city of Cleveland was attempting to raise, by a declaratory judgment action in the Court of Common Pleas, the same questions based upon the same facts that were in issue in an action in the Cleveland Municipal Court in which the city was a defendant. This conflict required resolution.

In the instant causes, the relators, who are each being prosecuted on a criminal charge, have not brought the action in either the County Court or the Court of Common Pleas. Obviously they do not want to be prosecuted in any court. *The relators do not allege that they are being prosecuted or threatened with prosecution in the County Court. In fact, the relators assert that the prosecutor ordered the charge against each of them dismissed in the County Court.* Therefore, the only basis for issuance of the writs which relators seek is the technical ground that no formal journal entries of dismissal have been made. Technically charges are still pending against them in the County Court.

*Under the circumstances of these causes,* where the Court of Common Pleas has jurisdiction of the subject matter and of the persons of the relators and there are no allegations in their petitions that prosecution for the same offense is threatened in the County Court, the extraordinary writ of prohibition will not issue. Since the Court of Common Pleas will be permitted to decide the question of its jurisdiction, the relators have an adequate remedy by way of appeal. *Cf. State, ex rel. Gelman,* v. *Court of Common Pleas,* 172 Ohio St. 73, and cases cited in that opinion.

*Writs denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissents.