[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dailey v. Dawson,* Slip Opinion No. 2017-Ohio-1350.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1350

THE STATE EX REL. DAILEY ET AL., APPELLEES, *v.* DAWSON, APPELLEE; O'MALLEY,[1] PROS. ATTY., ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dailey v. Dawson,* Slip Opinion No. 2017-Ohio-1350.]

*Prohibition—Jurisdictional-priority rule does not patently and unambiguously bar municipal court judge from presiding over defendants' prosecution because charges are pending only in municipal court—Defendants have adequate remedy at law by way of appeal—Court of appeals' grant of writ prohibiting municipal court judge from exercising jurisdiction reversed.*

(No. 2016-0812—Submitted January 10, 2017—Decided April 13, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 103237, 2016-Ohio-2837.

_____

[1] Michael C. O'Malley, the current Cuyahoga County prosecuting attorney, is automatically substituted as a party to this action. *See* App.R. 29(C)(1).

**Per Curiam.**

{¶ 1} This is an appeal as of right by appellants, the Cuyahoga County prosecutor and the city of East Cleveland, from the Eighth District Court of Appeals' judgment granting a writ of prohibition in favor of appellees Randolph Dailey, Patricia Coleman, Michael Donegan, Jason Edens, and Paul Wilson—the defendants named in five indictments filed in the Court of Common Pleas of Cuyahoga County. That writ prohibits appellee Judge William L. Dawson of the East Cleveland Municipal Court from exercising jurisdiction over an identical dereliction-of-duty charge against each of the same five defendants that was subsequently filed in that court.

{¶ 2} The prosecution argues that the defendants are not entitled to the writ because the municipal court has jurisdiction over the five indictments filed in that court and the defendants have an adequate remedy in the ordinary course of law.

{¶ 3} The defendants, to the contrary, contend that Judge Dawson and the municipal court lack jurisdiction over their cases, that the common pleas court inappropriately dismissed the charges previously filed in that court, and that they cannot appeal from those dismissals.

{¶ 4} We reverse the judgment of the court of appeals because Judge Dawson does not patently and unambiguously lack jurisdiction to consider the indictments filed in the municipal court and the defendants have an adequate remedy at law in the form of an appeal from a decision of that court.

### *Factual and procedural history*

**Common pleas court proceedings**

{¶ 5} On November 29, 2012, police pursued a car through Cleveland and into East Cleveland. Thirteen Cleveland police officers fired 137 bullets at the car, resulting in the deaths of two occupants.

{¶ 6} On May 30, 2014, the Cuyahoga County Grand Jury indicted five individuals who were supervisors in the Cleveland police department at the time of

the pursuit. Each defendant was charged with two misdemeanor counts of dereliction of duty under R.C. 2921.44(E) for actions taken during that pursuit.

{¶ 7} The common pleas court scheduled the defendants' trial for July 27, 2015. During a June 29, 2015 pretrial conference, the county prosecutor's office advised the court that the city of East Cleveland would be filing identical dereliction-of-duty charges against the defendants in the municipal court. The court's journal entry stated: "Regardless of whether such charges are filed, this indictment remains pending and trial here remains set as scheduled for July 27, 2015."

**East Cleveland Municipal Court proceedings**

{¶ 8} On July 2, 2015, East Cleveland filed an identical dereliction-of-duty charge against each of the defendants in the municipal court. Judge Dawson issued an order requiring the defendants to appear for arraignment on July 10, 2015, and notifying them that a warrant would issue if they failed to appear.

**Request for and grant of a writ of prohibition**

{¶ 9} On July 8, 2015, the defendants filed in the Eighth District Court of Appeals a complaint requesting a peremptory writ and writ of prohibition, alleging that under the jurisdictional-priority rule, Judge Dawson lacked jurisdiction over the charges filed in the municipal court. The jurisdictional-priority rule provides that if two courts have concurrent jurisdiction over a matter, the court in which jurisdiction was first invoked obtains jurisdiction of the entire matter, to the exclusion of other courts. *State ex rel. Coss v. Hoddinott*, 16 Ohio St.2d 163, 165, 243 N.E.2d 59 (1968). The Eighth District issued an alternative writ on July 9, 2015, preventing Judge Dawson from exercising jurisdiction over the charges filed in the municipal court pending the outcome of the action for a writ of prohibition.

{¶ 10} On July 10, 2015, the county prosecutor moved to dismiss the indictments pending in the common pleas court. The common pleas court found that the duplicate charges filed in the municipal court constituted good cause for

dismissal. The county prosecutor and the city of East Cleveland then successfully moved to intervene as respondents in the prohibition action.

{¶ 11} The defendants amended their complaint in prohibition, arguing that the dismissal of the charges filed in the common pleas court did not negate application of the jurisdictional-priority rule.

{¶ 12} The county prosecutor and the city moved to dismiss the amended complaint, arguing that Judge Dawson has jurisdiction and that even if the jurisdictional-priority rule initially applied, it no longer barred prosecution in the municipal court, because the common pleas court charges had been dismissed.

{¶ 13} The defendants moved for summary judgment. On April 29, 2016, the Eighth District Court of Appeals granted the defendants' motion and issued the writ of prohibition. The county prosecutor and the city now appeal from that decision.

*Legal analysis*

{¶ 14} We note at the outset that "[a] writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). As with any extraordinary writ, parties seeking a writ of prohibition are entitled to such extraordinary relief only if they lack an adequate remedy in the ordinary course of law. *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶ 8. Ordinarily, "a tribunal having general subject-matter jurisdiction of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy by postjudgment appeal from its holding that it has the requisite jurisdiction." *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 491, 678 N.E.2d 1365 (1997). However, there is a narrow exception—the availability of appeal "does not constitute an adequate remedy and does not bar extraordinary relief if the tribunal patently and unambiguously lacks jurisdiction over the case." *Id*. at 492.

That exception is inapplicable here, however, because we cannot conclude that Judge Dawson is patently and unambiguously without jurisdiction.

{¶ 15} The defendants argue that under the jurisdictional-priority rule, the municipal court lacks jurisdiction. The jurisdictional-priority rule provides that "where there are two courts of concurrent jurisdiction the court in which jurisdiction is first invoked obtains jurisdiction of the entire matter and other courts are excluded therefrom." *Coss*, 16 Ohio St.2d at 165, 243 N.E.2d 59. "In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 429, 751 N.E.2d 472 (2001). If the cases involve identical parties and causes of action, a writ of prohibition may issue to prevent the second action. *See State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809.

{¶ 16} The defendants assert that this rule precludes Judge Dawson and the municipal court from exercising jurisdiction over the indictments arising from the November 29, 2012 police pursuit because proceedings on identical indictments were first initiated and were still pending in the common pleas court when the municipal court indictments were filed.

{¶ 17} The county prosecutor and the city, however, argue that the jurisdictional-priority rule cannot apply when only one action is pending. Citing *Coss*, they contend that the subsequent dismissal of the charges in the common pleas court effectively resolved any jurisdictional defect that was created when the indictments were filed in the municipal court.

{¶ 18} In *Coss*, indictments were filed in common pleas court charging two defendants with the same offenses for which they had previously been charged in county court. This court rejected the defendants' challenge to the common pleas court's jurisdiction, holding that the jurisdictional-priority rule did not apply,

because the prosecutor had agreed to the dismissal of the charges in the county court and the defendants had not alleged that prosecution was "threatened" in that court, despite the fact that no formal journal entries of the dismissals in county court had been made. *Coss*, 16 Ohio St.2d at 166, 243 N.E.2d 59.

{¶ 19} As in *Coss*, no second prosecution is threatened here. The original charges have been dismissed, and only the municipal court charges remain. Given the holding in *Coss*, we cannot conclude that the jurisdictional-priority rule *patently and unambiguously* bars Judge Dawson from presiding over the defendants' prosecution when charges are pending only in his court and the charges filed against the defendants in the common pleas court have been dismissed.

{¶ 20} As this court has held in other prohibition cases raising the jurisdictional-priority rule, "we need not expressly rule on the jurisdictional issue 'since our review is limited to whether * * * jurisdiction is *patently and unambiguously lacking*.' " (Ellipsis and emphasis sic.) *State ex rel. Sellers v. Gerken*, 72 Ohio St.3d 115, 118, 647 N.E.2d 807 (1995), quoting *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 238, 638 N.E.2d 541 (1994). Short of a trial court's patent and obvious lack of jurisdiction, an "[a]ppeal constitutes an adequate legal remedy to raise any claimed error in failing to apply the jurisdictional priority rule." *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 394, 678 N.E.2d 549 (1997).

{¶ 21} Here, Judge Dawson clearly has general subject-matter jurisdiction. *See* R.C. 1901.20(A)(1) ("The municipal court has jurisdiction to hear misdemeanor cases committed within its territory * * *"). " 'In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452, 957 N.E.2d 24, ¶ 10, quoting *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264,

2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. Because Judge Dawson has general subject-matter jurisdiction over misdemeanors committed in East Cleveland, he can determine his own jurisdiction in this case. If the defendants disagree with his exercise of jurisdiction, they can move to dismiss the charges. And if they disagree with his decision on that motion, they have an adequate remedy by way of appeal. *See Smith*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, at ¶ 8.

### *Conclusion*

{¶ 22} Because Judge Dawson does not patently and unambiguously lack jurisdiction to consider the indictments filed against the defendants in the municipal court and because the defendants have an adequate remedy at law in the form of an appeal, we reverse the court of appeals' judgment granting a writ of prohibition.

Judgment reversed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Goldstein Gragel, L.L.P., and Susan L. Gragel, for appellees Randolph Dailey, Patricia Coleman, Michael Donegan, Jason Edens, and Paul Wilson.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Adam M. Chaloupka and T. Allan Regas, Assistant Prosecuting Attorneys; and Willa Mae Hemmons, East Cleveland Law Director and Prosecuting Attorney, for appellants.

_____