[Cite as *State ex rel. Dreger v. Alliance Civ. Serv. Comm.*, 2017-Ohio-8157.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL., MICHAEL DREGER, DIRECTOR OF PUBLIC SAFETY & SERVICE FOR THE CITY OF ALLIANCE | : : : : | JUDGES: Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. Earle E. Wise, Jr., J. |
| Relator | : : : | |
| -vs- | : : | |
| CITY OF ALLIANCE CIVIL SERVICE COMMISSION | : : : | Case No. 2017CA00067 |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Writ of Prohibition

JUDGMENT:                                       Dismissed

DATE OF JUDGMENT:                      October 10, 2017

APPEARANCES:

For Relator

MATTHEW . BAKER
485 Metro Place North
Suite 200
Dublin, OH  43017

For Respondent

JENNIFER ARNOLD
Alliance Civil Service Commission
504 East Main Street
Alliance, OH  44601

For Intervenor

MICHAEL W. PIOTROWSKI
2721 Manchester Road
Akron, OH  44319-1020

*Wise, Earle, J.*

{¶ 1}   Michael Dreger, Director of Public Safety & Service for the City of Alliance, has filed a complaint for writ of prohibition requesting this Court issue a writ prohibiting the City of Alliance Civil Service Commission from hearing an appeal filed by John Jenkins.  John Jenkins has been granted permission to intervene in this case.  Jenkins has filed a motion to dismiss, and the City of Alliance has filed an answer to the complaint.

FACTS

{¶ 2}   The facts in this case are not in dispute.  John Jenkins was one of two captains in the Alliance Police Department.  While Jenkins was a captain, David Bair was promoted from the position of Lieutenant to Assistant Police Chief.  Shortly after Bair's promotion, Relator informed Jenkins that Bair's position of Assistant Police Chief was being abolished.  Relator stated the abolishment would result in Bair being bumped from assistant police chief to captain.  Only two captains are permitted in the police department, therefore, Jenkins would be bumped to Lieutenant because Jenkins was the lowest ranking captain at the time of the bumping.

{¶ 3}   The City of Alliance entered into a collective bargaining agreement with certain members of the police department.  The collective bargaining agreement in question covers "Sergeants, Lieutenants, and Captains."  Jenkins argues the bumping policies of the collective bargaining agreement apply only to the bumping of sergeants, lieutenants, and captains. He argues the collective bargaining agreement bumping terms do not apply to the bumping of an assistant police chief.  It is Jenkins' position applying the collective bargaining agreement to the assistant police chief is improper.  Rather, he maintains the civil service statutes and the civil service commission rules apply to the

bumping of an assistant police chief because the assistant police chief is not a member of the collective bargaining unit. Relator in turn argues because Bair is bumping into the collective bargaining unit, therefore, the collective bargaining agreement applies to the assistant police chief.

{¶ 4} After receiving Relator's letter regarding the bumping, Jenkins filed an appeal with the civil service commission alleging improper bumping of the assistant police chief pursuant to the bumping right and rules of the civil service commission. He also alleged other violations of the civil service commission rules. In addition, he filed a grievance relative to his bumping under the collective bargaining agreement.

{¶ 5} The crux of Relator's argument is the only avenue available to Jenkins is the grievance process. Relator Jenkins argues bumping is governed solely by the collective bargaining agreement which requires arbitration. Jenkins argues there are two issues: one governing the civil service rules and one governing his own bumping under the collective bargaining agreement.

## WRIT OF PROHIBITION

{¶ 6} "The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 320 N.E.2d 286 (1974), paragraph one of the syllabus.

{¶ 7} "A writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint. *State ex rel. Corn v. Russo,* 90 Ohio St.3d

551, 554, 740 N.E.2d 265 (2001). As with any extraordinary writ, parties seeking a writ of prohibition are entitled to such extraordinary relief only if they lack an adequate remedy in the ordinary course of law. *State ex rel. Smith v. Hall,* 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶ 8. Ordinarily, "a tribunal having general subject-matter jurisdiction of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy by postjudgment appeal from its holding that it has the requisite jurisdiction." *State ex rel. Rootstown Local School Dist. Bd. of **941 Edn. v. Portage Cty. Court of Common Pleas,* 78 Ohio St.3d 489, 491, 678 N.E.2d 1365 (1997)." *State ex rel. Dailey v. Dawson*, 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937, ¶ 14.

{¶ 8} In the instant case, Jenkins has alleged violations of the rules of the civil service commission. The civil service commission has general subject matter jurisdiction to determine whether its rules were violated. In other words, the civil service commission is not about to exercise power unauthorized by law. Therefore, Relator cannot establish the second prong required for the writ of prohibition to issue.

{¶ 9} Further, Relator has an adequate remedy at law to challenge Respondent's exercise of jurisdiction should it be erroneous. Should Respondent find the rules of the civil service commission have been violated, Relator has an adequate remedy at law to challenge Respondent's decision by way of appeal.

{¶ 10} Because Relator has failed to demonstrate Respondent is about to exercise an unlawful exercise of power and because of the existence of an adequate remedy at law, the writ of prohibition will not issue.  Therefore, we sustain Intervenor's motion to dismiss.


By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.