LARRY A. JONES, SR., J.:
{¶ 1} Relator, Home Savings Bank, successor by merger to The Home Savings and Loan Company of Youngstown, Ohio ("HSB"), seeks a writ of prohibition to prevent respondent, Judge Kelly Ann Gallagher, and respondent court, the Cuyahoga County Court of Common Pleas, from paying administrative expenses of a receivership while a direct appeal is pending with this court. After careful review of the issues raised, this court grants summary judgment in favor of respondents and denies the writ.
I. Procedural and Factual History
{¶ 2} The litigation in the underlying civil case was spawned by a Ponzi scheme perpetrated by Joanne and Alan Schneider. As the scheme came to light, plans for a large commercial development in Parma Heights, Ohio collapsed. This led to litigation involving numerous parties, including the city of Parma Heights ("Parma Heights"), Cleveland Construction Inc. ("Cleveland Construction"), and HSB. The litigation that ensued has lasted the better part of two decades. The claims of these three creditors were disposed of by the trial court in separate orders and cases, and ultimately directed Matthew L. Fornshell, the receiver appointed to oversee the assets mainly generated from the sale of real estate, to disburse funds to HSB and other parties.
{¶ 3} The trial court determined that Parma Heights and Cleveland Construction did not have valid liens on the funds held by the receiver. Both parties appealed the trial court's orders. After those appeals were filed, at the request of Parma Heights, the trial court issued a stay order on March 9, 2016. It stated,
[d]efendant Parma Heights' 3/4/2016 motion for stay of execution pending appeal is granted. The receiver is ordered to stay distribution of all funds pending appeal. The receiver shall continue to perform all other duties under the receivership order. The stay of distribution shall not prohibit further administration of the receivership, including the payment of ongoing fees and expenses of the receiver. Based upon the court's ruling above, defendant Cleveland Construction Inc.'s 3/8/2016 motion to stay distribution of all funds is moot.
{¶ 4} Two days later, HSB filed its notice of appeal. All three cases were separately assigned case numbers but ultimately consolidated in this court.
{¶ 5} The receiver filed four applications for the payment of administrative claims during the pendency of the appeal: April 6, 2016, October 17, 2016, December 8, 2016, and April 6, 2017. These were all granted by the trial court. HSB contested only one application.
*701 {¶ 6} While these appeals were still pending, on November 3, 2017, HSB filed the instant action seeking a writ of prohibition to prevent the court from making further distributions from assets under receivership for administrative claims, and seeking to void the previous four payments made to the receiver. HSB's complaint for writ of prohibition alleges that the trial court lacked subject-matter jurisdiction to grant any of the receiver's fee applications during the pendency of the appeals because the orders directly interfered with the appellate court's jurisdiction "to review, affirm, reverse, or modify" the underlying judgments. According to HSB, "all monies traceable to the Cornerstone Properties sale proceeds"-including the Secured Creditor Allocation Account-are directly at issue in the companion appeals, and therefore, the trial court patently and unambiguously lacks jurisdiction to approve any application for administrative fees (which includes the receiver's fees) that arise from this account.
{¶ 7} This court granted an alternative writ and set a briefing schedule on November 6, 2017. Respondent judge and the receiver filed answers. Respondent, the receiver, and HSB filed motions for summary judgment on December 15, 2017. This court issued a decision resolving all three appeals on December 21, 2017. The parties subsequently filed their briefs in opposition to the motions for summary judgment on January 18, 2018. Aside from arguing that HSB was not entitled to a writ of prohibition because there is no showing that the trial court patently and unambiguously lacks jurisdiction, respondents and receiver argue that the action is now moot because this court decided the appeals, approving the Secured Creditor Allocation and holding that the trial court "did not abuse its discretion by approving the receiver's payments of various administrative fees and costs from the Secured Creditor Allocation." HSB moved for reconsideration, which this court ultimately granted, but reached the same result as the earlier issued opinion. See Williams v. Schneider , 2018-Ohio-968, 109 N.E.3d 124 (8th Dist.).
II. Law and Analysis
{¶ 8} Initially, we emphasize the Ohio Supreme Court's admonition that "[a] writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint." State ex rel. Corn v. Russo , 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). Prohibition should not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas , 137 Ohio St. 273, 28 N.E.2d 641 (1940).
{¶ 9} To be entitled to a writ of prohibition, HSB must establish that (1) the trial court is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. State ex rel. Huntington Natl. Bank v. Kontos , 145 Ohio St.3d 102, 2015-Ohio-5190, 47 N.E.3d 133, ¶ 16. "Ordinarily, 'a tribunal having general subject-matter jurisdiction of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy by postjudgment appeal from its holding that it has the requisite jurisdiction.' " State ex rel. Dailey v. Dawson , 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937, ¶ 14, quoting *702 State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas , 78 Ohio St.3d 489, 491, 678 N.E.2d 1365 (1997). "However, there is a narrow exception-the availability of appeal 'does not constitute an adequate remedy and does not bar extraordinary relief if the tribunal patently and unambiguously lacks jurisdiction over the case.' " Id. , quoting Rootstown Local School Dist. Bd. of Edn. at 492, 678 N.E.2d 1365. Under this exception, "prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previously jurisdictionally unauthorized actions." State ex rel. Litty v. Leskovyansky , 77 Ohio St.3d 97, 98, 671 N.E.2d 236 (1996).
{¶ 10} Moreover, this court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v. Hoddinott , 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).
{¶ 11} The thrust of HSB's complaint and motion for summary judgment is that the respondent is patently and unambiguously without jurisdiction to approve the receiver's application for administrative expenses of the receivership while the cases are pending on appeal.[1] HSB does not dispute the existence of an adequate remedy of law; instead, it argues that the narrow exception applies in this case. We find, however, HSB's arguments unpersuasive, and under the facts of this case, we cannot conclude that the trial court patently and unambiguously lacked jurisdiction.
{¶ 12} Once an appeal is filed, a trial court lacks jurisdiction to take any action that will interfere with the determinations of an appellate court. State ex rel. Sullivan v. Ramsey , 124 Ohio St.3d 355, 2010-Ohio-252, 922 N.E.2d 214, ¶ 17, quoting State ex rel. Rock v. School Emp. Retirement Bd. , 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. It may only act in aid of the jurisdiction of the appellate court. State ex rel. Lisboa v. Galvin , 8th Dist. Cuyahoga No. 92525, 2009-Ohio-969, 2009 WL 546422, ¶ 6, citing State ex rel. Special Prosecutors v. Judges, Court of Common Pleas , 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).
{¶ 13} The Supreme Court of Ohio, however, has noted some of those instances where the trial court may tread without offending this proposition of law: "it has been stated that the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction." Special Prosecutors at 97, 378 N.E.2d 162, citing In re Kurtzhalz , 141 Ohio St. 432, 48 N.E.2d 657 (1943) ; Goode v. Wiggins , 12 Ohio St. 341 (1861) ; Fawick Airflex Co. v. United Elec. Radio & Machine Workers , 90 Ohio App. 24, 103 N.E.2d 283 (8th Dist.1951). Moreover, "[u]ntil and unless a supersedeas bond is posted the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same." State ex rel. Klein v. Chorpening , 6 Ohio St.3d 3, 4, 450 N.E.2d 1161 (1983).
{¶ 14} Here, we do not find that the trial court's consideration of the receiver's applications for administrative expenses during the pendency of the appeals interfered with this court's ability to act. In the underlying appeal, HSB argued, among other things, that the trial court could not make the secured creditor's account and could not pay the receiver from that account. The trial court's action in paying the expenses of the receivership from this account does not interfere with this court's jurisdiction to affirm, modify, or reverse the lower court's decision. If this court were to have ruled that the trial court's allocation of ten percent of the secured creditor account be set aside for the payment of administrative expenses was invalid, the trial court would have been required to reallocate certain funds in the *703 receivership estate. It does not mean that the trial court cannot pay expenses of the receiver. Indeed, if a trial court did not have jurisdiction to pay costs of the receivership, the corpus of a receivership may be put into jeopardy while an appeal is pending. Moreover, it is clear from the trial court's stay order that the trial court expressly retained authority to act on the receiver's fee and expense applications while the appeals were pending-an order that HSB never successfully obtained a stay from.
{¶ 15} We find HSB's reliance on the Sixth District's decision in Horvath v. Packo , 2013-Ohio-56, 985 N.E.2d 966 (6th Dist.), for the proposition that the trial court lacked jurisdiction in this case to be misplaced. In Horvath , the parties to an appeal were challenging the propriety of a court order that authorized a court-appointed receiver to sell business assets to one of three potential buyers that had submitted offers. A defendant filed an appeal of that order. Id. at ¶ 4. While the appeal was pending, the trial court directed the receiver to consummate the sale and distribute the assets to one of the potential buyers. Id. at ¶ 5. The Sixth District found that the order directing the receiver to consummate the sale was void for want of jurisdiction because the issue of who to sell the business assets to was an issue pending in the underlying appeal. Id. at ¶ 46.
{¶ 16} The facts of Horvath are distinguishable from the instant case. In Horvath , a party was appealing a sale conducted by a receiver and the issue raised in the appeal was the propriety of the sale and to whom specific property should be sold. In the underlying appeals here, HSB, Parma Heights, and Cleveland Construction were not contesting the propriety of the sale. Each appeal asserted an error in the validity or priority of an interest in the proceeds. And as stated above, even if this court had found merit to HSB's attack of the trial court's creation of the secured creditor's account and the payment of the receiver from this account, the court could reallocate funds from the receivership without disturbing this court's ability to affirm, modify, or reverse. As a result, the filing of an appeal in this case did not strip the trial court of all jurisdiction to manage the receivership and to pay the expenses that arise therefrom.
{¶ 17} Finally, this court having already decided on appeal that "the trial court did not abuse its discretion by approving the receiver's payments of various administrative fees and costs from the Secured Creditor Allocation," we decline to grant a writ of prohibition when doing so would be a vain act and the circumstances no longer require it. See generally State ex rel. Cotton v. Ghee , 84 Ohio St.3d 54, 55, 701 N.E.2d 989 (1998) (recognizing that the court will not grant a writ to compel a vain act); State ex rel. Westlake v. Corrigan , 112 Ohio St.3d 463, 2007-Ohio-375, 860 N.E.2d 1017, ¶ 22 (recognizing that in a writ case, a court is not limited to facts at the time a proceeding is commenced, but should consider facts at the time it determines whether to issue a writ).
{¶ 18} In conclusion, we grant respondents and receiver's motions for summary judgment and deny HSB's motion for summary judgment. Further, the alternative writ previously granted is vacated. HSB to pay costs. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).
{¶ 19} Writ denied.
MARY J. BOYLE, P.J., and SEAN C. GALLAGHER, J., CONCUR

While we note that the appeals are no longer pending, we nonetheless address the merits of HSB's arguments because they attack the prior orders of the trial court that were allegedly entered when the trial court patently and unambiguously lacked jurisdiction.