[Cite as *State v. Lusane*, 2021-Ohio-4262.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

MATTHEW M. LUSANE,

        Defendant-Appellant.

CASE NO. 2021-P-0011

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2013 CR 00443

---

# O P I N I O N

Decided: December 6, 2021
Judgment: Affirmed

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane*, pro se, P.O. Box 465, Ravenna, OH 44266 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Matthew M. Lusane, appeals the trial court's judgment entry denying his "motion to vacate the void judgment for lack of subject-matter jurisdiction." We affirm.

{¶2} In 2014, Lusane was convicted of operating a motor vehicle while under the influence of alcohol ("OVI"). The OVI charge was enhanced to a fourth-degree felony by the fact that Lusane had "been convicted of or pleaded guilty to" five prior OVI offenses within the last twenty years. *See* R.C. 4511.19(G)(1)(d). We affirmed the conviction in *State v. Lusane*, 2016-Ohio-267, 58 N.E.3d 416 (11th Dist.).

{¶3} Subsequently, Lusane unsuccessfully moved the municipal court to revise two of the prior judgment entries upon which the fourth-degree felony OVI had been predicated. In those cases, the municipal court had not issued a single judgment setting forth both the fact of conviction and the sentence, in contravention of Crim.R. 32(C) ("[a] judgment of conviction shall set forth the fact of conviction and the sentence"). On appeal, we concluded that the municipal court's failure to grant Lusane's motions was reversible error and ordered the municipal court to issue a single entry in each case that set forth both the fact of conviction and the sentence. *State v. Lusane*, 11th Dist. Portage No. 2019-P-0027, 2019-Ohio-3549; *State v. Lusane*, 11th Dist. Portage No. 2019-P-0065, 2020-Ohio-737. On remand, the municipal court issued Crim.R. 32(C) compliant judgment entries, stating Lusane had pleaded guilty to OVI and imposing the same sentence. *State v. Lusane*, 11th Dist. Portage No. 2019-P-0115, 2020-Ohio-4106, ¶ 8; *State v. Lusane*, 11th Dist. Portage No. 2020-P-0056, unreleased.

{¶4} The matter now before us is the common pleas court's denial of Lusane's motion to vacate the 2014 felony OVI conviction, from which he advances one assignment of error:

> Trial court erred to the prejudice of Defendant-Appellant by denying his motion to vacate the void judgment, where it lacked subject matter jurisdiction to enter judgment of conviction after admitting facially void journal entries to prove the fact of five prior convictions in violation of *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046; Crim.R. 32(C).

{¶5} In his motion, Lusane argued that the common pleas court lacked subject matter jurisdiction to enter the fourth-degree felony OVI conviction because two of the prior OVI convictions upon which the enhancement was predicated did not include a final appealable order. Lusane alleged the prior entries were void and, therefore, the state

2

presented insufficient evidence that he had been convicted of or pleaded guilty to five prior OVI offenses within the last twenty years, which is an element of fourth-degree felony OVI. He cited as authority *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 928 N.E.2d 626. In *Gwen*, the Supreme Court of Ohio held that when the state chooses to prove a prior conviction by using a judgment entry, that entry must comply with Crim.R. 32(C). *Gwen* at paragraph two of the syllabus.

{¶6} On appeal, Lusane argues that a manifest miscarriage of justice has occurred and that the common pleas court committed plain error by failing to vacate his felony OVI conviction under its authority to correct void judgments. The state of Ohio responds that the error of which Lusane complains is voidable, not void, and that his collateral attack on the judgment of conviction is barred by the doctrine of res judicata.

{¶7} Whether a sentencing entry is void or voidable raises a question of law that we review de novo. *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 43, citing *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5, and *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶ 8 ("an appellate court's standard of review on the denial of a motion to vacate void judgment is de novo").

{¶8} "A defendant's ability to challenge an entry at any time is the very essence of an entry being void, not voidable." (Citation omitted.) *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 18. Void judgments may be reviewed at any time, on direct appeal or by collateral attack. *State v. Walker*, 11th Dist. Trumbull No. 2018-T-0024, 2018-Ohio-3964, ¶ 12. A voidable judgment, on the other hand, is subject to res judicata and may be set aside only if successfully challenged on direct appeal.

*Harper* at ¶ 18; *Walker* at ¶ 12, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28.

> Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment.

(Emphasis added.) *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶9} After years of expanding on the void sentence doctrine, in the cases of *Harper* and *Henderson*, the Supreme Court of Ohio returned to the "traditional understanding" of void and voidable judgments. *Harper* at ¶ 4; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 34. Pursuant to the traditional view, "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction is voidable." *Henderson* at ¶ 43. "[U]nless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong." *Id.* at ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 494, 159 N.E. 594 (1927). "The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17, citing *Tari* at 495.

{¶10} Lusane does not challenge the trial court's personal jurisdiction over him, and there is no question that a felony OVI offense is within the common pleas court's

4

subject matter jurisdiction. *See* R.C. 2931.03. Lusane argues, however, that the instant offense was a misdemeanor and not a felony, thereby divesting the common pleas court of its subject matter jurisdiction.

{¶11} The premise of Lusane's argument—that the journal entries used to prove two of the prior offenses were "facially void"—is flawed. Although we held that the sentencing entries in those prior cases did not comply with the single judgment entry requirement of Crim.R. 32(C), we did not hold that those entries were void. Nor would we so hold, as the municipal court had subject matter jurisdiction over those misdemeanor offenses. *See* R.C. 1901.20(A)(1) ("[t]he municipal court has jurisdiction to hear misdemeanor cases committed within its territory"). Therefore, contrary to Lusane's argument, that the entries did not comply with Crim.R. 32(C) did not divest the common pleas court of jurisdiction.

{¶12} Additionally, the Supreme Court's holding in *Gwen* has been the law on this issue since 2012, well before and after Lusane's direct appeal was decided. *Gwen*, 2012-Ohio-5046, at paragraph two of the syllabus ("When, pursuant to R.C. 2945.75(B)(1), the state offers a judgment entry to prove the element of a prior * * * conviction in order to increase the offense level of a later * * * charge, the judgment entry must comply with Crim.R. 32(C)."); *see also* R.C. 2945.75(B)(1) ("Whenever in any case it is necessary to prove a prior conviction, a certified copy of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."). Because the municipal court's failure to comply with Crim.R. 32(C) was apparent on the face of the record in the felony case,

5

our rulings in the misdemeanor cases were not necessary for Lusane to have raised his insufficient evidence argument on direct appeal from his 2014 conviction.

{¶13} Further, assuming arguendo that the state presented insufficient evidence on the predicate offense element of fourth-degree felony OVI, this also would not have divested the common pleas court of subject matter jurisdiction over the offense. Common pleas courts have "such original jurisdiction over all justiciable matters * * * as may be provided by law." Ohio Constitution, Article IV, Section 4. The criminal law jurisdiction of common pleas courts is provided in R.C. 2931.03: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." Although at first glance this provision could be construed to mean that exclusive jurisdiction of *all* minor offenses is vested in courts inferior to the common pleas court, the Supreme Court of Ohio has expressly decided to the contrary:

> The * * * contention that the Court of Common Pleas does not have jurisdiction in a misdemeanor case is a misinterpretation of Section 2931.03, Revised Code, and is without merit. Jurisdiction over all crimes and offenses is vested in the Court of Common Pleas, unless such jurisdiction is vested specifically and exclusively in the lower courts. *In the absence of an express provision to the contrary, the Court of Common Pleas has jurisdiction over misdemeanors.*

(Emphasis added.) *State ex rel. Coss v. Hoddinott*, 16 Ohio St.2d 163, 164, 243 N.E.2d 59 (1968), citing *Small v. State*, 128 Ohio St. 548, 192 N.E. 790 (1934). There is no express provision vesting jurisdiction of misdemeanor OVI offenses specifically and exclusively in a court inferior to the common pleas court. Ergo, common pleas courts have jurisdiction to preside over misdemeanor OVI offenses. *See State v. Zimmerman*, 11th Dist. Geauga No. 2013-G-3146, 2014-Ohio-1152, ¶ 15-16 (common pleas courts

6

and municipal courts have concurrent jurisdiction to hear misdemeanor OVI offenses), citing *Coss* at 164. Accordingly, any error in the exercise of the trial court's jurisdiction would have rendered the judgment voidable, not void.

{¶14} We conclude, therefore, that Lusane's failure to timely assert the alleged error on direct appeal amounts to the forfeiture of his objection via a collateral attack, and his argument is barred by the doctrine of res judicata. The common pleas court did not err in denying his motion.

{¶15} Lusane's sole assigned error is overruled. The judgment of the Portage County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.