[Cite as *State ex rel. Minshall v. Swift*, 2022-Ohio-2158.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel.                                     Court of Appeals No.  E-21-011
William E. Minshall, III

      Relator

v.

Hon. Thomas A. Swift, Sitting by
Assignment, Erie County Court of
Common Pleas, Probate Division          **DECISION AND JUDGMENT**

      Respondent                                     Decided:  June 23, 2022

* * * * *

Daniel L. McGookey, Charles M. Murray, and Joseph A.
Galea, for Relator.

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Gerhard R. Gross, Assistant Prosecuting Attorney, for Respondent.

* * * * *

**OSOWIK, J.**

{¶ 1} This matter is before the court on respondent Honorable Thomas A. Swift's

motion for summary judgment on relator's complaint for a writ of prohibition to prevent

him from exercising jurisdiction over certain claims in the Erie County Court of Common

Pleas, Probate Division. Respondent previously filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B), on August 3, 2021. Relator filed his opposition on August 5, 2021. Because Respondent's motion relied on information not contained in the complaint, we converted appellant's motion to dismiss to a motion for summary judgment and ordered the parties to submit supplemental briefs in accordance with Civ.R. 56. Respondent filed his supplemental documentation in accordance with Civ.R. 56(C) on January 5, 2022. Relator filed his opposition brief on February 14, 2022. The matter is now decisional.

## I. RELATOR'S COMPLAINT

{¶ 2} Relator's complaint seeking a writ of prohibition arises from lengthy, complex litigation among three brothers—Peter, Werner, and William Minshall—related to the division of property which formerly belonged to their now-deceased mother, Frances S. Minshall.[1] According to relator's complaint, respondent, sitting by assignment in the Court of Common Pleas, Probate Division, has exercised or is about to exercise judicial power in Peter and Werner's claims related to assets which were property of Frances's inter vivos trust prior to her death ("the trust claims"). Relator's complaint alleges that jurisdiction over Peter and Werner's trust claims was previously exercised in an action still pending in the General Division of the Erie County Court of Common Pleas. Therefore, relator alleges, the Probate Division lacks subject matter

---

[1] Due to the shared surname among the individuals identified in this action, we will identify the Minshall family members by their first names.

2.

jurisdiction over the trust claims under Ohio's jurisdictional priority rule and this court should prohibit respondent from exercising judicial authority over the trust claims.

{¶ 3} The jurisdictional priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." *Kinzel v. Ebner,* 2020-Ohio-4165, 157 N.E.3d 989, ¶ 79 (6th Dist.), citing *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Ct. of Common Pleas,* 80 Ohio St.3d 149, 684 N.E.2d 1234 (1997). "[I]f the second case does not involve the same cause of action or the same parties, the first suit will normally not prevent the second case." *Id.* Relevant to the present issue, the jurisdictional priority rule applies when the disputed jurisdiction is pending between two divisions in the same court of common pleas. *See In re Estate of Scanlon,* 8th Dist. Cuyahoga No. 95264, 2011-Ohio-1097, ¶ 21 (holding that the jurisdictional priority rule applied to prohibit a probate division from adjudicating a claim for breach of fiduciary duty when a general division's jurisdiction over that claim was previously invoked).

{¶ 4} Respondent alleges that the jurisdictional priority rule did not divest him of jurisdiction over the trust claims and, therefore, respondent cannot obtain a writ of prohibition to prevent him from entering orders related to those claims. To resolve respondent's motion, we must first examine the ongoing litigation which is summarized below.

3.

### A. Claims filed in the General Division

{¶ 5} In 2018, Peter and Werner were named as defendants in a partition action filed by Erie Capital in the Erie County Court of Common Pleas General Division.[2] The partition action was assigned Erie County Court of Common Pleas case No. 2018 CV 0551. On June 14 and June 17, 2019, Peter and Werner filed amended answers and third-party complaints, respectively. Peter and Werner's third-party complaints alleged relator committed breach of fiduciary duty, breach of trust, self-dealing, fraud, and breach of contract in his role as trustee of Frances' inter vivos trust. Peter and Werner's third-party claims remained pending at the time relator filed his complaint for writ of prohibition with this court.

### B. Claims Filed in the Probate Division

{¶ 6} On July 3, 2019, shortly after filing their third-party complaint in General Division case No. 2018 CV 0551, Peter and Werner filed a concealment action, pursuant to R.C. 2109.50, in the Probate Division alleging relator concealed assets of Frances's estate. The probate action was assigned case No. 2014-1-218A. Relator filed a motion to dismiss the concealment action for lack of subject matter jurisdiction arguing that the jurisdictional priority rule prohibited the Probate Division from adjudicating the claim. Relator argued that Peter and Werner had previously filed the same claim in their third-

---

[2] A similar action involving the same parties was filed in 2016. That action has since been dismissed and is not relevant to our analysis here.

party complaints in the General Division. Respondent denied relator's motion to dismiss on September 20, 2019.

{¶ 7} The matter proceeded to trial on December 5 and 6, 2019. During their presentation of evidence, Peter and Werner produced evidence which included documents related not only to Frances's estate assets but also to assets belonging to her inter vivos trust. Based on the evidence presented at trial, respondent determined it was necessary to order that an accounting of the trust be performed before the matter could proceed. Respondent appointed an independent third-party as trustee of Frances's inter vivos trust to conduct an accounting of the trust's assets. Respondent stayed resolution of the trial pending the outcome of that accounting. Respondent also granted leave to Peter and Werner to file an amended complaint to add claims related to relator's administration of Frances's trust. Peter and Werner filed their amended complaint alleging breach of fiduciary duty as trustee—the first of two trust claims ultimately filed in the Probate Division—against relator on December 11, 2019.

{¶ 8} On April 21, 2020, respondent was informed that the liquid assets of the trust were insufficient to cover the costs of the accounting. Respondent then ordered all three brothers to deposit $10,000 each with the trustee to facilitate the accounting. On December 13, 2020, with leave of court, Peter and Werner filed a third amended complaint adding a third count alleging relator breached a power of attorney which authorized him to act on behalf of Frances's inter vivos trust—the second trust claim.

5.

{¶ 9} During a January 19, 2021 telephonic pretrial in which the parties discussed the Probate Division's jurisdiction over the two trust claims, respondent granted Peter and Werner leave to file a separate probate action alleging only the trust claims in order to sever those claims from the already pending concealment of estate assets claims. Peter and Werner filed their second, separate complaint in the Probate Division on February 3, 2021, seeking recovery from relator on the trust claims only. The second complaint was assigned case No. 2014-1-218B.

{¶ 10} On March 23, 2021, relator filed another motion to dismiss the trust claims pending in probate case Nos. 2014-1-218A and 2014-1-218B alleging respondent lacked jurisdiction over the claims subject to the jurisdictional priority rule. The motion to dismiss remained pending at the time relator filed his complaint for prohibition. Relator's complaint alleges that respondent intends to conduct a trial on the concealment claim before ruling on the motion to dismiss. Relator's complaint also alleged the trial court subsequently ordered all three brothers to deposit an additional $10,000 each with the trust to facilitate additional accounting costs.

### C.    Transfer of trust claims to General Division

{¶ 11} In his motion to dismiss, respondent argues, in part, that the requested writ of prohibition was moot as he had transferred the trust claims to the General Division, leaving only the concealment action pending in the Probate Division. Because the transfer orders constituted evidence outside of the complaint, we converted the motion to

6.

dismiss to a motion for summary judgment and ordered the parties to file supplemental briefs in accordance with Civ.R. 56. Respondent's supplemental filing includes a "judgment entry" transferring the trust claims to the general division and scheduling a resumed trial on the remaining concealment action. In light of the trial court's order, the underlying litigation remains pending in two separation actions—the concealment action pending in the Probate Division and the trust claims pending in the General Division.

{¶ 12} Having determined the current status of the underlying proceedings, we turn to respondent's pending motion for summary judgment.

## II. Law and Analysis

{¶ 13} Respondent seeks summary judgment in his favor on relator's request for a writ of prohibition ordering him not to exercise, or continue to exercise, jurisdiction over the trust claims. Specifically, respondent argues that he is entitled to judgment for two reasons. First, he argues that the relator's request has been rendered moot because the actions have been transferred to the General Division. Second, he argues that even if the transfer did not render the action moot, he did not patently and unambiguously lack jurisdiction over the trust claims under the jurisdictional priority rule. As a result, he continues, he had the authority to consider the probate court's jurisdiction over the trust claims and his denial of relator's requests to dismiss the action is an issue appropriate for appeal rather than permitting the granting of a writ of prohibition.

7.

{¶ 14} In response, relator argues that respondent did indeed lack any jurisdiction over the trust claims. As a result, he argues that the transfer orders were void as the trial court had no jurisdiction to transfer those claims. Further, he argues that because the trial court already ordered him to deposit $10,000 to facilitate the accounting of the trust that the transfer order did not moot the trial court's improper exercise of jurisdiction over the trust claims.

{¶ 15} For the following reasons, we find respondent's motion for summary judgment well-taken, grant judgment in his favor, and deny relator's request for a writ of prohibition.

### A. Summary judgment standard

{¶ 16} Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 17} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to

8.

interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action[.]" Civ.R. 56(C); *Dresher* at 292–293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293. The failure to satisfy this reciprocal burden warrants judgment against the nonmoving party. *Id.* at 293.

{¶ 18} The facts underlying this action—that is, the pleadings filed in the underlying litigation and their procedural posture—are not in dispute. The sole issue in this action is whether, in light of those filings, respondent patently and unambiguously lacks jurisdiction over the trust claims entitling relator to an order from this court prohibiting respondent from exercising such jurisdiction.

{¶ 19} In order to be entitled to a writ of prohibition, a relator must establish that (1) the respondent is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. D.D. v. Lucas County Court of Common Pleas, Juvenile Division,* 6th Dist. Lucas No. L-19-1169, 2019-Ohio-3261, ¶ 6, citing *State ex rel. V.K.B. v. Smith,* 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 9. "When the lack of jurisdiction is 'patent and unambiguous,' the lack of an adequate remedy is considered established, as the unavailability of alternate remedies is immaterial in such a case." *Id.*, citing *Chesapeake Exploration, LLC v. Oil & Gas Comm.,* 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

9.

B. *Relator's request for prohibition is not moot as a matter of law.*

{¶ 20} Respondent first argues that his transfer of the trust claims to the General Division renders relator's request moot because he will no longer exercise jurisdiction over those claims—effectively providing relator the requested relief. We disagree.

{¶ 21} Relator's argument in seeking prohibition is that respondent patently and unambiguously lacked jurisdiction over the trust claims. It is evident from relator's complaint and respondent's own motion that respondent previously exercised jurisdiction over those claims by conducting the initial trial and ordering relator to deposit costs related to the accounting of the trust. These actions constitute a prior exercise of jurisdiction over the trust claims unaffected by respondent's transfer order.

{¶ 22} A writ of prohibition may still be issued based on an improper, prior exercise of jurisdiction. Specifically, "where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previously jurisdictionally unauthorized actions."* *State ex re. Litty v. Leskovyansky,* 77 Ohio St.3d 97, 671 N.E.2d 236 (1996) (emphasis sic.), citing *State ex rel. Smith v. Frost,* 74 Ohio St.3d 107, 109, 656 N.E.2d 673 (1995).

{¶ 23} Because relator's complaint alleges that respondent patently and unambiguously lacked jurisdiction over the trust claims, the subsequent transfer does not impede this court's authority to issue a writ of prohibition to correct any previously

10.

unauthorized orders. *Id.* Relator's complaint, therefore, is not rendered moot by virtue of respondent's transfer order. Respondent has not shown that he is entitled to judgment as a matter of law based on the alleged mootness of relator's complaint.

C. *The trial court's decision on its own subject matter jurisdiction is not subject to reversal through a request for prohibition.*

{¶ 24} Respondent alternatively argues that relator's request for prohibition is not the proper procedural vehicle to resolve the alleged errors in its exercise of jurisdiction over the trust claims. Specifically, respondent, citing *State ex rel. M.L. v. O'Malley,* 8th Dist. Cuyahoga No. 101191, 2014-Ohio-3927, ¶ 12, states "prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction." Essentially, respondent argues that his determination of the probate court's appropriate jurisdiction is an issue to be resolved on appeal, providing relator with an adequate remedy at law and precluding the issuance of a writ of prohibition.

{¶ 25} It is well-settled that "[a]bsent a patent an unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction." *State ex rel. Pearson v. Moore,* 48 Ohio St.3d 37, 38, 548 N.E.2d 945 (1990), citing *Middleburg Heights v. Brown,* 24 Ohio St.3d 66, 68, 493 N.E.2d 547 (1986). "[P]rohibition will not lie" when the party alleging a lack of jurisdiction has an adequate remedy at law. *Id., see also Shoop v. State,* 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8 ("An appeal is generally considered an

11.

adequate remedy in the ordinary course of law sufficient to preclude a writ.").  Moreover, "[a] party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction."  *Id.*  Relevant to the present dispute, "an appeal constitutes an adequate legal remedy to raise any claimed error in failing to apply the jurisdictional priority rule."  *State ex rel. Dailey v. Dawson,* 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937, ¶ 20.

{¶ 26} It is undisputed that respondent would have general subject matter jurisdiction over the trust claims had they been filed independent of any other pending actions.  Indeed, the first element of the jurisdictional priority rule relator seeks to enforce requires that both courts at issue have *concurrent* jurisdiction before the rule can be applied.  *Kinzel,* 2020-Ohio-4165, 157 N.E.3d 989, at ¶ 79.  While exercising general jurisdiction over the trust claims, respondent was authorized to resolve any specific challenges to that jurisdiction.  *Pearson* at 38.  Respondent exercised that authority when it denied relator's repeated requests for dismissal.  A court's ability to consider a specific challenge to its general jurisdiction over certain claims does not reveal a patent and unambiguous lack of jurisdiction to hear those claims.  *Id.*  Here, relator's arguments regarding the jurisdictional priority rule constitute a specific challenge to respondent's general jurisdiction over the trust claims rather than a showing of patent and unambiguous lack of jurisdiction.  *Dailey* at ¶ 20.

12.

**{¶ 27}** Since respondent's general jurisdiction over the trust claims is not patently and unambiguously lacking, relator can only challenge the trial court's denial of his motions to dismiss through a direct appeal. Therefore, relator has an adequate remedy to seek reversal of respondent's decision. *Id.* That available remedy prevents this court from issuing the requested writ of prohibition. *D.D.,* 6th Dist. Lucas No. L-19-1169, 2019-Ohio-3261 at ¶ 6. For these reasons, we find that respondent satisfies his initial burden under Civ.R. 56 to show that he is entitled to judgment as a matter of law.

**{¶ 28}** In his opposition to respondent's converted motion for summary judgment, relator renews his argument that respondent lacked any jurisdiction over the trust claims and that any order entered on those claims is void. In light of the authority cited herein, relator's argument is without merit. As a result, he has failed to satisfy his reciprocal burden under Civ.R. 56 to identify evidence in the record showing respondent is not entitled to judgment as a matter of law. The failure to satisfy this reciprocal burden warrants judgment in respondent's favor. *Dresher*, 75 Ohio St.3d 280, 662 N.E.2d 264, at 293.

**{¶ 29}** For these reasons, we find respondent's motion for summary judgment well-taken and it is hereby

**{¶ 30} GRANTED.** It is therefore

**{¶ 31} ORDERED** that judgment is granted in favor of respondent as a matter of law; and it is further

13.

{¶ 32} **ORDERED** that relator's complaint for writ of prohibition is hereby dismissed; and it is further

{¶ 33} **ORDERED** that the costs of this action are assessed to relator.

{¶ 34} **IT IS SO ORDERED.**

{¶ 35} **To the Clerk:  Manner of Service.**

{¶ 36} The clerk is directed to serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.


Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

_____
JUDGE

Gene A. Zmuda, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.